In re LARRY'S MARINELAND OF RICHMOND, INC., Debtor.

Robert J. BROWN, Trustee, Plaintiff,

v.

UNITED STATES of America INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 90–51914.
Adv. No. 93–5008.

United States Bankruptcy Court,
E.D. Kentucky,
Lexington.

Dec. 20, 1993.

Ann E. Samani, Lexington, KY, for Robert J. Brown, Trustee.

Charles H. Keen, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, and David Middleton, Lexington, KY, for U.S. I.R.S.

## MEMORANDUM OPINION

JOE LEE, Chief Judge.

This matter is before the court on the motion of the plaintiff chapter 7 trustee, pursuant to 11 U.S.C. § 502(d), for summary judgment disallowing the claim of the defendant United States of America Internal Revenue Service until such time as the IRS remits to the trustee the sum of $2,571.01. This sum represents a prepetition payment made by the debtor to the IRS, which the trustee alleges is avoidable as a fraudulent conveyance under both 11 U.S.C. § 548 and state law, KRS 378.030, as made applicable by 11 U.S.C. § 544(b).

The IRS has filed a countermotion for summary judgment for an order determining that 11 U.S.C. 502(d) is inapplicable because 11 U.S.C. § 106(c) does not authorize monetary recovery from the United States.

## FINDINGS OF FACT

The debtor corporation, Larry's Marineland of Richmond, Inc., was formed by Larry Crosthwaite in June of 1988. Crosthwaite was the sole incorporator, shareholder, and was an officer of the corporation.

At the time the foregoing corporation was formed and commenced operations at 233 North Keeneland Avenue, Richmond, Kentucky, Crosthwaite and his brother-in-law, Paul Ousley, were shareholders, officers and operators of a similar business known as Larry's Marineland of Lexington, Inc., located at 1168 New Circle Road, Lexington, Kentucky. Larry's Marineland of Lexington, Inc. ceased business in December of 1989. Thereafter, over a period of several months, the inventory of boats and trailers of Larry's Marineland of Lexington, Inc. was transferred to and merged with the inventory of Larry's Marineland of Richmond, Inc. Larry's Marineland of Lexington, Inc. continued to maintain a checking account, but there is no evidence of deposits in payment for the inventory transferred to the Richmond store. Larry's Marineland of Richmond did pay from proceeds of sales of the merged inventory some of the obligations of the defunct Larry's Marineland of Lexington, Inc. There is no way to determine whether any of the funds for these payments were derived from the sale of inventory that formerly belonged to Larry's Marineland of Lexington, Inc.

On July 20, 1990, check number 3180 in the amount of $2,716.98, drawn on the bank account of Larry's Marineland of Richmond, Inc., was remitted to the Internal Revenue Service in payment of Form 941 (withholding

and social security) taxes for the quarter ended December 31, 1989, and of Form 940 (unemployment) taxes for the year ended December 31, 1989, owed by the defunct Larry's Marineland of Lexington, Inc. Upon receipt of the payment the IRS applied $2,608.97 to the Form 941 tax liability and $109.30 to the Form 940 tax liability. On August 13, 1990, the IRS issued partial refunds of $36.65 on the Form 941 liability and $109.30 on the Form 940 liability, for a total refund of $145.95. The IRS states that $2,571.03 was applied to the Form 941 tax liability of Larry's Marineland of Lexington, Inc. The balance of the Form 941 tax payment and the entire Form 940 tax payment was refunded. Thus, the amount the IRS retained from the payment made by Larry's Marineland of Richmond, Inc. is $2,571.03.

On September 27, 1990, Larry's Marineland of Richmond, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code in this court. On October 15, 1990, the case was converted to a case under chapter 7 of the Bankruptcy Code. The plaintiff in this adversary proceeding, Robert J. Brown, is the duly appointed and qualified chapter 7 trustee of the debtor.

The United States of America Internal Revenue Service has filed a claim in the debtor's chapter 7 case for $27,352.60 for WT–FICA taxes for the period ending September 30, 1990, and for estimated FUTA taxes in the amount of $2,000.99 for the period ending December 31, 1990. The IRS has not filed a tax lien.

Other taxing entities have filed claims that are entitled to priority in distribution on a parity with the claim of the IRS.[1]

The trustee, relying on 11 U.S.C. § 502(d), seeks an order disallowing the claim of the IRS until such time as the IRS repays the $2,716.98 which the trustee claims the IRS owes the estate.

The payment made by the debtor on July 20, 1990, to the IRS for taxes owed by Larry's Marineland of Lexington, Inc. appears to be a transfer made by the debtor within one year of bankruptcy for which the debtor received less than a reasonably equivalent val-

ue in exchange. The trustee alleges, but the IRS denies, that the debtor was insolvent on the date of the transfer or became insolvent as a result of the transfer. This creates an issue of fact.

## CONCLUSIONS OF LAW

■ The payment made by the debtor to the IRS on July 20, 1990 for taxes owed by another corporate entity, Larry's Marineland of Lexington, Inc., was a transfer made by the debtor within one year of bankruptcy for which the debtor received less than equivalent value, no value, in fact, in exchange. Thus, the court might readily declare the transfer avoidable by the trustee as a fraudulent conveyance under 11 U.S.C. § 548(a)(2), except for the fact that although the trustee alleges the IRS denies that the debtor was insolvent on the date of the transfer or became insolvent as a result of the transfer. This disputed issue of fact is not discussed by the parties in their briefs. The motion of the trustee for summary judgment is denied solely on this ground. In an avoidance action under section 548 of the Bankruptcy Code there is no presumption of insolvency of the debtor on and during the 90 days immediately preceding the filing of the petition as there is in an avoidance action under section 547 of the Code.

The countermotion of the United States of America Internal Revenue Service for summary judgment is likewise denied.

Section 548(a)(2) of the Bankruptcy Code provides:

(a) The trustee may avoid any transfer of an interest of the debtor in property ... that was made ... on or within one year before the date of the filing of the petition if the debtor voluntarily or involuntarily—

.    .    .    .    .

(2)(A) received less than reasonably equivalent value in exchange for such transfer ...; and

---

1. The Commonwealth of Kentucky Revenue Cabinet has filed a claim for $112,055.24 for unpaid withholding and sales and use taxes; the Commonwealth of Kentucky Division of Unemployment Insurance has filed a claim for $1,110.30.

(B)(i) was insolvent on the date that such transfer was made ..., or became insolvent as a result of such transfer....

11 U.S.C. § 548(a)(2).

Under this section of the Code the trustee may avoid "any transfer of an interest of the debtor in property." This obviously includes the payment in question to the United States of America Internal Revenue Service.

■ Even though this payment may be avoidable by the trustee as a fraudulent transfer under section 548 of the Bankruptcy Code, the trustee may not enforce a judgment avoiding the transfer by an affirmative monetary recovery from the United States.

Section 550 of the Bankruptcy Code provides that to the extent a transfer is avoided under section 548 of title 11, the trustee may recover, for the benefit of the estate, the property so transferred, or, if the court so orders, the value of such property from the initial transferee or the "entity" for whose benefit such transfer was made. It was thought that the use of the word "entity" in this section authorized an affirmative monetary recovery from the United States until the Supreme Court decided otherwise in *U.S. v. Nordic Village, Inc.,* — U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

Section 106 of the Bankruptcy Code provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains 'creditor,' 'entity,' or 'governmental unit' applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106.

Presumably, under § 106(b) presumably the trustee could offset the estate's claim against the IRS against the claim filed by the IRS, if the claim were "allowed." This would frustrate the objective of equality of distribution because there are priority claims of other taxing entities entitled to distribution on a parity with the claim of the IRS.

In the *Nordic Village* case the Supreme Court ruled that while § 106(c) does not permit affirmative monetary recovery from, it does permit declaratory or injunctive relief against, the Government.

Section 502(d) of the Bankruptcy Code provides:

[T]he court shall disallow *any claim* of *any entity* from which property is recoverable under section 542, 543, 550, or 553 of this title *or* that is a transferee of a transfer that is avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d) [underscoring supplied].

This section of the Code provides for a form of declaratory or injunctive relief. The section mandates that the court *shall* disallow *"any claim* of *any entity"* that is the transferee of a transfer that is avoidable under section 548 of title 11, unless such entity has paid the amount for which such entity is liable under section 550 of title 11.

■ The IRS argues that section 502(d) is inapplicable because the IRS is not "liable" under section 550 for a transfer avoided under section 548. The decision in the *Nordic Village* case does not exonerate the Government from all manner of liability under section 550, but rather only from an affirmative monetary recovery on a judgment avoiding a transfer. The Government remains subject to the type of declaratory and injunctive relief which the trustee seeks in this case. If the payment in question is *declared* by this

court to be a transfer avoidable by the trustee under section 548 of the Code, the court can *enjoin* the allowance of the claim of the IRS until such time as the IRS disgorges the payment.

Although relying principally on the doctrine of sovereign immunity, the Internal Revenue Service asserts three additional grounds on which summary judgment should be granted in favor of the United States: (1) the systematic transfer of the assets of the defunct Larry's Marineland of Lexington, Inc. to the debtor Larry's Marineland of Richmond, Inc. was fraudulent under Kentucky law as to the IRS and other creditors of Larry's Marineland of Lexington, Inc. existing at the time of the transfer; (2) any property or assets of Larry's Marineland of Lexington, Inc. transferred to Larry's Marineland of Richmond, Inc. after March 5, 1990 (the date a federal tax lien arose for unemployment taxes assessed for 1989) remained subject to the lien; and (3) the trustee is not entitled to avoid the portion of the transfer ($2,571.03) which was applied by the IRS to Form 9441 (withholding and social security) taxes that represent trust fund taxes under I.R.C. § 7501.

The first two contentions are disposed of by the decision of the court in *City of New York v. Johnson*, 137 F.2d 163 (2d Cir.1943). See also 11 U.S.C. § 545(2) and *United States v. Speers*, 382 U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965).

█ With respect to the third contention, the decision in *Begier v. IRS*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) is not applicable to the facts in this case. The funds used to pay the trust fund taxes in this case did not represent withholdings from the wages of employees of Larry's Marineland of Lexington, Inc. which were identified as trust fund taxes by the payment. The payment in this instance was made from the funds of the debtor, an entirely separate corporate entity that had not withheld and was not responsible for payment of the trust fund taxes in question.[2]

2. The IRS in its brief alleges "there is evidence that $1,500 may have been transferred from Larry's Marineland of Lexington, Inc. to Larry's Marineland of Richmond, Inc. in August 1990. Lindy Deposition p. 158." The court is not able

### ORDER

In conformity with the Memorandum Opinion of the court this day entered, the motion of the trustee for summary judgment is OVERRULED. The countermotion of the United States of America Internal Revenue Service for summary judgment is likewise OVERRULED.

to make a finding that such a transfer occurred. This testimony concerns transfers between the bank account of the debtor maintained at Bank of Lexington and First Security Bank of Richmond.